UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN GOMEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-604 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the motion to dismiss for failure to state a claim ("Motion to Dismiss") filed by Defendant JPMorgan Chase Bank, National Association ("Defendant").[1] Plaintiffs Juan and Martha Gomez have not filed a response in opposition. After considering the motion, record, and relevant authorities, the Court **GRANTS** the motion to dismiss.

I. **BACKGROUND**

Defendant is the holder of a note executed by Plaintiffs, as well as a deed of trust securing the property located at 831 Larry Street, Donna, Hidalgo County, Texas.

On October 18, 2013, Plaintiffs filed their original petition in state court, asserting claims related to the note and deed of trust.[2] Specifically, the petition includes claims for fraud, constructive fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").[3]

---

[1] Dkt. No. 3 ("Motion to Dismiss").
[2] *See* Dkt. No. 1, Attach. 1 at pp. 8-16 ("Petition").
[3] *Id.*

Defendant removed the action on November 6, 2013, and filed the instant motion to dismiss shortly thereafter.[4] In the twenty-one days provided by the local rules for responses to opposed filings,[5] Plaintiffs have filed neither a response in opposition nor a request for leave to amend.

## II.   LEGAL STANDARD

Before a party has answered a complaint, the proper mechanism for removing a claim from the Court's consideration is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6);[6] as Defendant filed the motion to dismiss prior to filing its answer, it properly seeks dismissal under this rule. At the motion to dismiss stage, the Court limits its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[7] "To survive a 12(b) motion to dismiss the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[8] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[9] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[10] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[11]

---

[4] *See* Dkt. No. 1 ("Notice of Removal").
[5] *See* LR 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.").
[6] FED. R. CIV. P. 12(b)(6).
[7] Wilson v. Birnberg, 667 F.3d 591, 600 (5th Cir. 2012) (quoting Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996)) (internal quotation marks omitted).
[8] In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), cert. denied, 552 U.S. 1182 (2008).
[9] *Twombly*, 550 U.S. at 555.
[10] *Id.*
[11] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[12] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[13] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[14] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[15]

This Court's jurisdiction is invoked on the basis of diversity of citizenship.[16] This Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[17] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[18]

### III. ANALYSIS

In the motion to dismiss, Defendant generally challenges the sufficiency of Plaintiffs' allegations as to all claims, before additionally challenging the allegational sufficiency as to each individual claim. All of Plaintiffs' claims are based on allegations that Defendant temporarily refused to accept payments due to an accounting error and that, upon Defendant's correction of the error and willingness to accept payments, Plaintiffs "were behind several months in their paymnets" and did not make the necessary payments.[19] Although the Court

---

[12] Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).
[13] *See id.* at 1949-50 (2009).
[14] *See id.*
[15] In re So. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[16] *See* Notice of Removal at p. 2.
[17] *See* Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
[18] *Id.* (quoting West v. AT&T, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[19] *See* Petition at pp. 8-9.

acknowledges Defendant's position that no viable claim is readily apparent from those general allegations, the Court nevertheless continues by considering the insufficiency as to each specific claim.

### A. Claim under Deceptive Trade Practices-Consumer Protection Act ("DTPA")

Plaintiffs bring a claim for violations of the DTPA, based on allegations that Defendant made a material misrepresentation.[20] However, as noted by Defendant, the DTPA incorporates a threshold standing inquiry: claims under the statute may only be asserted by a "consumer,"[21] defined as one who asserts an acquired good or service as the basis of the complaint.[22] This statutory definition requires the Court to identify the object of the transaction, which Plaintiffs allege as simply the loan agreement comprising the note and deed of trust.[23] However, Texas courts have repeatedly held that "a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service [under the DTPA]."[24] Thus, Plaintiffs lack the requisite consumer status; their claim for a DTPA violation therefore fails as a result of an incurable defect and is **DISMISSED**.

### B. Claim of Fraud

In the motion to dismiss, Defendant argues that Plaintiffs' fraud claim is insufficient under the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which

---

[20] *See id.* at p. 9.
[21] TEX. BUS. & COM. CODE ANN. § 17.45(4) (Vernon 2001).
[22] *See id.*
[23] Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981); *see also*, Walker v. Fed. Deposit Ins. Corp., 970 F.2d 114, 123 (5th Cir. 1992).
[24] *See* Fix v. Flagstar, F.S.B., 242 S.W.3d 147, 160-61 (Tex. App.—Ft. Worth 2007, review denied). *See also* Everson v. Mineola Comm. Bank, S.S.B., No. 12-05-334-CV, 2006 WL 2106959 (Tex. App.—Tyler, July 31, 2006, review denied) (holding plaintiffs were not DTPA consumers in claim based on mortgage and wrongful foreclosure); Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 173-74 (Tex. 1980) (holding plaintiff not DTPA consumer in claim based on refinance of car loan).

requires a plaintiff pleading fraud to do so with particularity.[25] The practical effect of Rule 9(b) is that a plaintiff must allege the "who what, when, where, and how,"[26] such that the pleading identifies: who made the allegedly fraudulent statement, what statements are contended to be fraudulent, where and when the statements were made, and how the statements were fraudulent.[27] The Court now considers Plaintiffs' fraud allegations in light of the Rule 9(b) requirements.

Under Texas law, a plaintiff seeking to prevail on a fraud claim must prove: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury.[28] Regarding the alleged misrepresentation, Plaintiffs describe the source as "the duly authorized employees of Defendant," an allegation which falls well short of the specificity required by Rule 9(b).[29] As a result and without considering further deficiency, the Court finds that the fraud claim lacks the requisite particularly and is hereby **DISMISSED**.

### C. Claim for Negligent Misrepresentation

The Texas Supreme Court has held that the elements of a claim for negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise

---

[25] FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").
[26] Benchmark Electronics, Inc. v. J.M. Huber Corporation, 343 F.3d 719, 724 (5th Cir. 2003) (internal citations and quotations omitted).
[27] *See* Sullivan v. Leor Energy, LLC, 600 F.3d 542, 551 (5th Cir. 2010) (internal citation and quotations omitted).
[28] *See* Exxon Corp. v. Emerald Oil & Gas Co., L.C., 348 S.W.3d 194, 217 (Tex. 2011).
[29] *See* Petition at p. 10.

reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.[30] Texas courts have construed the second element as a requirement that the false information is "a misrepresentation of an *existing* fact."[31] Any promise "to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact."[32]

Plaintiffs' claim for negligent misrepresentation is based on allegations that Defendant's employees represented that "[Defendant] *would be* responsive and understanding of the needs of its customers."[33] Even assuming the truth of the allegation at this stage of the proceedings, the misrepresentation only pertained to future conduct and not then-existing fact. Plaintiffs' negligent misrepresentation claim thus fails as a matter of law and is therefore **DISMISSED**.

### D. Claim for Constructive Fraud

Plaintiffs' constructive fraud claim is based upon an alleged fiduciary duty of Defendant, which allegedly arose solely due to the loan relationship.[34] However, Texas courts have long-rejected Plaintiffs' assertion that a special or fiduciary relationship is intrinsic to such agreements, and have thus rejected similar, special-relationship claims as between mortgagor-

---

[30] Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 686 (Tex. 2002) (quoting Federal Land Bank Ass'n v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991)) (internal quotation marks omitted).

[31] *See* Clardy Manufacturing Co. v. Marine Midland Business Loans, Inc., 88 F.3d 347, 357 (5th Cir. 1996) (emphasis in original) (quoting Airborne Freight Corp. v. C.R. Lee Enterprises, 847 S.W.2d 289, 294 (Tex. App.—El Paso 1992, writ denied); *see also* Miller v. Raytheon Aircraft Co., 229 S.W.3d 358, 379 (Tex. App.—Hous. [1st Dist.] 2007, no pet.); BCY Water Supply Corp. v. Residential Invs., Inc., 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied); New York Life Ins. Co. v. Miller, 114 S.W.3d 114, 125 (Tex. App.—Austin 2003, no pet.).

[32] *BCY Water Supply Corp.*, 170 S.W.3d at 603. See Verdin v. Federal Nat. Mortg. Ass'n, --- F. App'x ---, 2013 WL 4126785 at *2 (5th Cir. Aug. 15, 2013) (holding that alleged misrepresentation by Defendant that Plaintiff should submit a request for postponement and "not worry about the foreclosure" was not one of existing fact and therefore not actionable under Texas law).

[33] *See* Petition at p. 11 (emphasis added).

[34] *See id.* ("Defendant [] owed a fiduciary duty to Plaintiffs because they accepted a Deed of Trust from Plaintiffs when they financed the original note and therefore, entered into a trusting and confidential relationship.").

mortgagee,[35] creditor-guarantor,[36] or lender-borrower.[37] While the Court acknowledges the possibility of an informal fiduciary relationship, Plaintiffs' allegations provide no basis for a reasonable inference thereof in this context. The Court therefore finds that this claim fails to survive the motion to dismiss for the simple reason that the relationship does not impose the duty upon which the claim is based. Accordingly, the claim is **DISMISSED**.

### E. Nominal Inclusion of Defendant Select Portfolio Servicing, Inc.

The Court also notes that dismissal is appropriate as to the entire case as the only remaining defendant, Select Portfolio Servicing, Inc. ("SPS"), has not entered an appearance in this action. Nevertheless, district courts are empowered to enter *sua sponte* dismissal orders in appropriate circumstances.[38] In this case, any claims against SPS are at least as deficient as the claims against Defendant. The petition only specifically refers to SPS twice, in the first paragraph naming SPS as a defendant and in the second paragraph describing the service address; the only other mention of SPS in the four-page petition is a collective reference to the defendants, which does not support any possibility of recovery against SPS.[39] Accordingly, the Court any claims nominally asserted against SPS are hereby **DISMISSED**.

---

[35] FDIC v. Coleman, 795 S.W.2d 709 (Tex. 1990) (citing English v. Fischer, 660 S.W.2d 521, 522 (Tex. 1983)) ("The relationship of a mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *see also* UMLIC VP LLC v. T & M Sales and Envtl. Systems, Inc., 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied); Lovell v. Western National Life Insurance Co., 754 S.W.2d 298, 303 (Tex. App.—Amarillo 1988, writ denied).

[36] *Id.* ("Similarly, the relationship between a creditor and guarantor does not ordinarily import a duty of good faith.").

[37] FDIC v. Claycomb, 945 F.2d 853, 859 (5th Cir. 1991) ("The borrower-lender relationship, with which we are here concerned, does not give rise to a 'fiduciary' or 'special relationship.'"); *see also* Nance v. Resolution Trust Corp., 803 S.W.2d 323, 333 (Tex. App.—San Antonio 1990, writ denied); Vogel v. Travelers Indem. Co., 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.)

[38] *See* First Gibraltar Bank, FSB v. Smith, 62 F.3d 133, 135 (5th Cir.1995) (citation omitted).

[39] *See* Petition at p. 9 ("The conduct described above [only referencing Defendant and not SPS] is and was a producing and proximate cause of damages to Plaintiffs in that Plaintiffs are being threated on foreclosure and threatening to foreclose on property which as a much greater value then [sic] the note due by Plaintiffs to Defendants.").

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. All of Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue.

IT IS SO ORDERED.

DONE this 7th day of January, 2014, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE